Judge Mills,
delivered the Opinion of the Court.
To enjoin a judgment at law obtained by Brown against Owings, he, Owings, filed this anCging that the judgment was obtained on a note executed by him to Brown, in consideration of one-fourth of a tract of land, the title to which was in Wade Mosby, and to which Brown represented that he was entitled from Mosby. That Brown, at the time of the sale, executed to him an instrument of writing, acknowledging the sale, and in the form of an order, directing Mosby to make the title to Owings. That he had presented this order to Mosby, and he had refused to convey, alleging that Brown had not complied with his contract with him, Mosby. That now he had heard that Mosby had divested himself of the title, and could not convey it, and that Brown and Mos-by both resided out of the Commonwealth, and Brown had taken no- measures to get the title, which lie contends he ought to have, or the contract ought to be rescinded. That he had now so lost the order, that he could not find or produce it.
Mosby answered the bill, denying that the written order had ever been presented to him, and denying that he had refused to convey the part of James Brown, as his way was clear to convey that part, and if he had refused, it must have been some other part of the tract, and not Brown’s share, to which Brown was entitled. He admits he has parted with the title; but alleges that he has conveyed it to Henry-Clay, in trust for Brown, or the complainant, or which ever may be entitled to it.
Brown answers, and exhibits a copy of the writing, acknowledging tbe sale, and requesting Mosby to convey, and alleges that Mosby has conveyed the title as he believes, to Henry Clay, who holds it in trust, ready to be conveyed to Owings as soon as lie shall have paid the purchase money.
Decree |of the circuit court.
Where the vendor gives an order to the vendee, or the holder of the legal title, for a conveyance, saying nothing of the consideration, tlie deed shall not be withheld for payment of the purchase money.
In such case it will not avail that vendor had caused the title to bn conveyed to a trustee, to be convoyed vendor to: purchaser cannot be required to thus pursue the title.
Decree of-rescission.
in Ibis shape the cause was tried, and the court below dissolved tlie injunction, and dismissed the bill with damages and costs.
It is clear from the writing, that Owings was entitled to the title on the sale, so soon as Mosby could make it when applied to, and that he was not bound to wait till he paid the purchase money, and that Brown or Mosby had no right to retain the title, and even as the title was to come from Mosby, he did not retain even that lien which the law allows vendors against purchasers for the purchase money. He ought, therefore, to have shewn, that Mosby was still ready to make the title. This he has failed to do,
Mosby has parted with that title, and neither he, nor Brown can convey it. It is true, they allege that Clay is but a trustee, and is ready to convey it. This, they ought to have made out iu proof, or to have offered the title. Clay is no party to the suit, and Brown did not think proper to bring either him or his title before the court. Was Owings bound to do so? - We conceive not. We cannot suppose that he was bound to look to, or deal with a trustee or depository of the title created by either Brown or Mosby, without his concurrence or consent. As .they had placed the title there without consulting him, they were bound to show that it could and would be conveyed; and as they have chosen to try the cause without doing so, they must take the consequences. In a bill like this, seeking title from a vendor, and suggesting that he had probably parted with it, it might be of dangerous consequences to the rights of the vendee, to turn him round to a new suit, or pursuit of title, on the bare allegation of the defendant, admitting he had parted with the title, and alleging that the person to whom he had conveyed was ready to convey, and telling the complainant, to go and apply to him and get the title if he can.
The contract must, therefore, be rescinded and set aside. Owings must be decreed to relinquish all claim thereto, and a perpetual injunction must be granted against the collection of the purchase *464 money; or if the money is collected, (as the injunction was dissolved before the final hearing,) Brown must be decreed to refund what is collected, with interest and costs.
Mayes and Triplett, for plaintiff; Wickliffe, for defendant.
The decree is to be reversed with costs, and such decree to be entered in the court below as shall conform to this opinion.